**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CRAIG G. PERKINS,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-844E-19-0563-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: May 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Craig G. Perkins, Hampton, Virginia, pro se.

Moraima Alvarez, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied his application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify two misstatements and to supplement the administrative judge's analysis to find that the appellant failed to show that his medical conditions caused a deficiency in either his attendance or his conduct, or that his medical conditions were incompatible with either useful and efficient service or retention in his position, we AFFIRM the initial decision.

## BACKGROUND

On April 26, 2018, the appellant applied for FERS disability retirement benefits with OPM. Initial Appeal File (IAF), Tab 4 at 114-15. The appellant's request for benefits was based on his post-traumatic stress disorder (PTSD) and associated medical conditions. *Id.* at 114. On January 3, 2019,[2] OPM issued an initial decision denying the appellant's application. *Id.* at 103-07. Thereafter, on May 14, 2019, OPM affirmed its initial decision on reconsideration. IAF, Tab 5 at 15-18. The appellant timely appealed OPM's reconsideration decision to the Board, and he requested a hearing on the matter. IAF, Tab 1 at 2, 11.

Following a telephonic hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 12, Initial Decision

---

[2] OPM's initial decision is erroneously dated January 3, 2018. IAF, Tab 4 at 103.

(ID). The administrative judge found that, although the appellant showed that he suffered from PTSD and other medical conditions, he failed to show that these conditions precluded him from performing the essential functions of his position. ID at 5 n.1, 7. She further concluded that the appellant failed to show that accommodation of his medical conditions was unreasonable. ID at 7-8.

The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. In his petition for review, the appellant avers the following: (1) the administrative judge failed to thoroughly review his medical records; (2) he has been diagnosed with disabling medical conditions; and (3) he cannot perform his job duties. PFR File, Tab 1 at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant bears the burden of proving his entitlement to retirement benefits by a preponderance of the evidence.[3] 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for disability retirement under FERS, an applicant must show the following: (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a); *see Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007).

_____

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

An applicant for disability retirement may satisfy the second criterion in one of two ways: (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with useful and efficient service or retention in the position. *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012); 5 C.F.R. § 844.103(a)(2). Under the first method, an individual can establish entitlement by showing that the medical condition affects his ability to perform specific work requirements, prevents him from being regular in attendance, or causes him to act inappropriately. *Jackson*, 118 M.S.P.R. 6, ¶ 8. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of setting. *Id.* In determining an appellant's entitlement to disability retirement, the Board considers all pertinent evidence including objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of his condition on his ability to perform the duties of his position. *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 12 (2008). The ultimate question, based on all relevant evidence, is whether the appellant's medical impairments preclude him from rendering useful and efficient service in his position. *Jackson*, 118 M.S.P.R. 6, ¶ 8.

We modify the initial decision to correct two misstatements in the administrative judge's analysis.

Although not raised on review, in analyzing whether the appellant met the second requisite criterion for FERS disability benefits, i.e., 5 C.F.R. § 844.103(a)(2), the administrative judge reasoned that the appellant's "initial PTSD diagnosis related to childhood trauma" and that "his later diagnosis [of PTSD] related to his military service." ID at 5; IAF, Tab 4 at 77, Tab 9 at 15. Seemingly because the appellant's civilian employment with the Federal Government did not begin until 2015, after he completed his military service, the administrative judge concluded

that the appellant therefore "did not become disabled during his employment," i.e., he did not become disabled "while employed in a position subject to FERS" for purposes of 5 C.F.R. § 844.103(a)(2). ID at 5-6; IAF, Tab 4 at 76, 144, 147, 154. However, the date of the initial diagnosis or onset of a potentially disabling medical condition is not dispositive of whether an appellant became disabled while employed in a position subject to FERS. *See* 5 C.F.R. § 844.103(a)(2). The Board has found that preexisting medical conditions may deteriorate, thereby rendering an appellant disabled. *E.g.*, *Johnston v. Office of Personnel Management*, 57 M.S.P.R. 590, 596 n.7 (1993). Thus, to the extent the administrative judge found that the initial onset date of the appellant's PTSD necessarily rendered him ineligible for disability retirement under FERS, ID at 5-6, we vacate her finding.

Further, the administrative judge noted the lack of supporting medical documentation in the record and she reasoned that, "[a]bsent such supporting medical documentation," the appellant was unable to show that his medical conditions precluded him from performing the essential functions of his position. ID at 7; *see* 5 C.F.R. § 844.103(a)(2). However, the Board considers all pertinent evidence in determining an appellant's entitlement to disability retirement; such evidence may include objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence relating to the effect of the appellant's condition on his ability to perform the duties of his position. *Henderson*, 109 M.S.P.R. 529, ¶ 12. Thus, to the extent the administrative judge found that the lack of supporting medical evidence necessarily precluded the appellant from meeting his evidentiary burden, we vacate her finding. ID at 7; *see Henderson*, 109 M.S.P.R. 529, ¶ 12.

However, after considering all evidence in the record, including the appellant's hearing testimony, we agree with the administrative judge's conclusion that the appellant failed to establish entitlement to FERS disability retirement for the following reasons.

<u>We supplement the initial decision to find that the appellant failed to show that his medical conditions caused a deficiency in either his attendance or his conduct, or that his medical conditions were incompatible with either useful and efficient service or retention in his position.</u>

We agree with the administrative judge's reasoned conclusion that the appellant failed to show that his medical conditions caused a deficiency in his performance. ID at 6-7.[4] However, the administrative judge did not render findings as to whether the appellant showed by preponderant evidence that his medical conditions caused a deficiency in either his attendance or his conduct or that his medical conditions were incompatible with useful and efficient service or retention in his position. *See Thorne*, 105 M.S.P.R. 171, ¶ 5; 5 C.F.R. § 844.103(a)(2). Accordingly, we supplement her analysis and we find that the appellant failed to make such a showing.

Here, although the appellant alleged before the administrative judge that his medical conditions caused him to take frequent time off from work, IAF, Tab 9 at 3, the record provides no clear indication of how much work the appellant missed as a result of his medical issues. Moreover, the appellant's supervisor indicated on his written statement in connection with the appellant's application for disability retirement that the appellant's attendance was acceptable. IAF, Tab 4 at 118. Thus, the appellant failed to show that his medical conditions prevented him from being regular in attendance. *See Jackson*, 118 M.S.P.R. 6, ¶ 8. The record is also devoid of any indication that the appellant's medical conditions caused him to act inappropriately. *Id.* Indeed, the appellant's supervisor also indicated in his written statement that the appellant's conduct was satisfactory. IAF, Tab 4 at 118. Thus, we find that the appellant failed to show that he suffered from a medical condition that caused a deficiency either in his attendance or his conduct. *See* 5 C.F.R. § 844.103(a)(2).

---

[4] We also agree with her conclusion that the appellant failed to show that accommodation of his medical condition was unreasonable, i.e., that he failed to satisfy the fourth criterion for entitlement to disability retirement under FERS. ID at 8; *see* 5 C.F.R. § 844.103(a)(4). The appellant does not challenge this finding on review.

We further conclude that the appellant failed to show that his medical conditions were inconsistent with working in general, in a particular line of work, or in a particular type of setting. *See Jackson*, 118 M.S.P.R. 6, ¶ 8. As set forth in the initial decision, all of the medical assessments in the record suggested that the appellant was alert, oriented, and coherent. ID at 6; IAF, Tab 5 at 128. Although the appellant provided a physician's note "in support of [his] [a]pplication for [d]isability," the note stated only that the appellant's "symptoms reportedly [had] caused significant emotional distress and functional impairment"; it did not indicate to what degree the appellant was impaired. IAF, Tab 9 at 15. The appellant's hearing testimony provided little clarity as to the functional implications of the appellant's medical ailments. IAF, Tab 11, Hearing Recording (HR). Moreover, the appellant testified that medication improved his PTSD symptoms by "cut[ting] the edge off" and helping him to be "normal on the job." HR at 6:01 to 6:22, 29:27 to 29:33; *see Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 21 (2009) (explaining that, to prove entitlement to disability retirement, an applicant must show that the medical condition at issue cannot be controlled by medication or other reasonable means). Accordingly, after considering all evidence in the record, both objective and subjective, we conclude that the appellant also failed to show that he suffered from a disabling medical condition that was incompatible with either useful and efficient service or retention in his position. *See Henderson*, 109 M.S.P.R. 529, ¶ 12; *see also* 5 C.F.R. § 844.103(a)(2).

The appellant's assertions on review are without merit.

The appellant alleges that his "medical record was not reviewed thoroughly." PFR File, Tab 1 at 3. We find this assertion unavailing. Here, the administrative judge thoroughly discussed many of the appellant's medical records in her initial decision, ID at 3, 5-7, and we discern no error in her failure to mention every piece of evidence, *see Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (recognizing that an administrative

judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the appellant does not identify which medical records he believes the administrative judge failed to review or explain the relevance of these allegedly unviewed records. PFR File, Tab 1 at 3.

The appellant also states on review that he suffers from PTSD and that he is unable to perform his job functions. *Id.* We find these assertions unavailing. As explained in the initial decision and supplemented by this order, although the appellant showed that he suffered from PTSD and other medical ailments, he failed to show that these ailments resulted in a deficiency in performance, attendance, or conduct, or were incompatible with either useful and efficient service or retention in his position. *See Jackson*, 118 M.S.P.R. 6, ¶ 7.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                              _____
                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.